IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------x
                                    :
STRIKE 3 HOLDINGS, LLC              :              3:18 CV 1945 (JBA)
                                    :
v.                                  :
                                    :
JOHN DOE, subscriber assigned IP    :
Address 32.212.123.108              :              DATE:  MARCH 12, 2019
                                    :
---------------------------------------------------x
```

RULING ON MOTION TO QUASH (DOC. NO. 9)

On November 28, 2018, Strike 3 Holdings, LLC ("Strike 3" or "plaintiff") commenced this action against John Doe, a subscriber of IP address 32.212.123.108 ("Doe" or "defendant"). (Doc. No. 1). The plaintiff is the owner of original "award winning" motion pictures featured on its brand's subscription-based adult websites. (Doc. No. 1 at 1). Strike 3 alleges that Doe's Internet Protocol ("IP") address has illegally distributed several of Strike 3's motion pictures, "stealing these works on a grand scale[,]" and "committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures and distributing them to others." (*Id.* at 1-2). The defendant now moves to quash a third-party subpoena that the plaintiff has served on the defendant's Internet Service Provider ("ISP") to obtain the defendant's name and address. (Doc. No. 9). For the reasons set forth below, the defendant's Motion to Quash (Doc. No. 9) is DENIED, but the subpoena shall be revised to include additional conditions, as detailed below.

I.      BACKGROUND

Prior to commencing this action, Strike 3 hired an investigator, IPP International U.G. ("IPP"), to monitor and detect the infringement of Strike 3's content. (Doc. No. 7, Brief at 5). IPP

employs a system that monitors the BitTorrent file distribution network for the presence of copyrighted works, and IPP's forensic software identifies IP addresses that are being used by infringers to distribute copyrighted works within the BitTorrent File Distribution Network.  (Doc. No. 7, Declaration of Tobias Fieser ("Fieser Decl.") ¶ 4).  IPP discovered that the defendant's IP address was illegally distributing several of Strike 3's motion pictures. (Doc. No. 7, Fieser Decl. ¶ 7).  As developed by the United States National Security Agency, digital files can be identified by a "Crytographic Hash Value." (Doc. No. 7, Fieser Decl. ¶ 10).  IPP's software determined that the files being distributed by the defendant's IP address have a unique identifier of the Cryptographic Hash.  (*Id.*). IPP provided this information to Strike 3 who then viewed each of the unauthorized motion pictures corresponding to the file hashes side by side with Strike 3's motion pictures, as published on their websites, and as enumerated by their United States Copyright Office identification numbers.  (Doc. No. 7, Declaration of Susan B. Stalzer ("Stalzer Decl.") ¶ 9).  The plaintiff alleges that each digital media file, as identified by the file hash value, is a copy of Strike 3's corresponding motion picture and is identical, or strikingly similar or substantially similar to the original work identified by their United States Copyright Office identification numbers.  (Doc. No. 7, Stalzer Decl. ¶ 10).  In addition, Strike 3 used the American Registry for Internet Numbers to confirm that the ISP did own the defendant's IP address at the time of the alleged infringements, and hence, has the relevant information to identify Doe.  (Doc. No. 7, Stalzer Decl. ¶ 11).

Strike 3 then retained a technology advisor to individually analyze and retain forensic evidence captured by IPP.  (Doc. No. 7, Declaration of Philip Pasquale ("Pasquale Decl.") ¶ 6). That advisor confirmed that the IPP recorded a transaction occurring on September 8, 2018, with the IP address 32.212.123.108. (Doc. No. 7, Pasquale Decl. ¶¶ 7, 9).  Based on the experience of that advisor in similar cases, he claims that the defendant's ISP, Frontier Communications, is the

only entity that can correlate the IP address to its subscriber and identify the defendant as the person assigned to IP address 32.212.123.108 during the time of the alleged infringement.  (Doc. No. 7, Pasquale Decl. ¶ 10).

Because the plaintiff can identify the defendant only through this IP address, the plaintiff moved this Court for leave to subpoena the defendant's name and address from his ISP, prior to the Rule 26(f) conference, pursuant to Rule 26(d)(1).  (Doc. No. 7).  This Court (Arterton, J.) granted the plaintiff's motion with several conditions, including the following: (1) upon serving the ISP, the ISP must serve a copy of the Order on the Doe subscriber; (2) the ISP must permit the defendant 60 days to contest the subpoena; (3) the ISP is prohibited from turning over the defendant's identifying information until the expiration of that 60-day period, and (4) the ISP, once subpoenaed, must preserve any subpoenaed information pending the resolution of any timely motion to quash. (Doc. No. 8).  The plaintiff served the subpoena on the defendant's ISP, and this motion to quash by the defendant followed.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party.  *See* Fed. R. Civ. P. 45(a)(1). A party may move to quash the subpoena if the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions.  Fed. R. Civ. P. 45(d)(3)(A)-(B).   The party seeking to quash a subpoena bears the burden of persuasion, *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 112 (D. Conn. 2005) (citations omitted), and that standard applies in a case such as this, when

a person other than the subpoena recipient moves to quash the subpoena. *United States Regional Econ. Dev. Auth., LLC v. Matthews*, No. 10 CV 10983 (CSH), 2018 WL 2172713, at *7 (D. Conn. May 10, 2018) (holding that, "as an exception to the general rule, a party has standing to move to quash a subpoena directed at a nonparty where the party seeks to enforce a claim of privilege or personal right."); *see Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (noting that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness[.]").

The defendant contends that the subpoena to produce private and confidential information is "a violation of privacy" in that the ISP may have incorrect records or clerical errors and may misidentify the defendant, the violation in question may have been committed by a third party accessing the defendant's computer on an wireless network, and the computer was previously owned by a third party who may have used it to commit the violation in question.  (Doc. No. 9).

The defendant's arguments as to the identity of the individual who may have used his computer or his wireless network, however, are not arguments for consideration at this early stage in the case. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (holding that "whether Defendant has meritorious defenses to Plaintiff's claims is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the . . . Subpoena.") (collecting cases)).  As United States District Judge Valerie Caproni recently held in another *Strike 3 Holdings* case, a subpoena may not be quashed on grounds that the information sought goes to the "merits" of the party's case.  *Strike 3 Holdings, LLC v. Doe*, 18 CV 2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4577*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010) (concluding that "the merits of [a party's] case are not relevant to the issue of

whether [the party's] subpoena is valid and enforceable."); *see also Handbook of Fed. Civ. Disc. & Disclosure* § 1:30 (4th ed. 2018) ("[D]iscovery should not be denied because it relates to a claim or defense that is being challenged as insufficient."); *Voltage Pictures, LLC v. Does 1–5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability . . . is not a basis for quashing" a subpoena)).

Federal Rule of Civil Procedure 26(b)(1) governs the relevance of documents requested by a Rule 45 subpoena, and Rule 26(b)(1) allows for the discovery of any nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Rule 26 (b)(1) "directs courts to consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of experience of the proposed discovery outweighs its likely benefit.'"  *United States Sec. & Exch. Comm. v. Ahmed*, Civ. No. 3:15 CV 675 (JBA), 2018 WL 1541902, at *2 (D. Conn. Mar. 29, 2018) (quoting Fed. R. Civ. P. 26(b)(1); citing *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016)).

The information sought in this subpoena is relevant because identifying the name and address of the defendant will allow this case to proceed with the service of a Complaint and summons. "[I]dentifying [the d]efendant is a necessary step" in making the determination of whether the defendant is, in fact, "the infringer[.]" *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29, 2016) (citations omitted). Once the plaintiff has the defendant's name and address, the plaintiff can investigate whether others had access to the defendant's IP address.  As Judge Caproni explained, once the defendant is served, he may move to dismiss the case, "if he chooses, in which he can raise the arguments that he attempts to raise

here." *Strike 3 Holdings,* 2019 WL 78987, at *3 (citing Fed. R. Civ. P. 12(b)(6)).  Thus, the "[d]efendant will be free to argue that he was not the actual infringer at the appropriate time in this litigation." *Malibu Media*, 2016 WL 5478433, at *4 (citation and internal quotation marks omitted); *see Malibu Media, LLC v. John Doe Subscriber Assigned to IP Address 24.90.139.137*, No. 15-CV-7788 (KMW), 2016 WL 1651869, at *4 (S.D.N.Y. Apr. 26, 2016) (holding that the "[d]efendant's argument that another party is responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining [the defendant's] contact information is the logical first step in identifying the correct party.'" (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2105 WL 4403407, at *3 (S.D.N.Y. July 20, 2015) (additional citation omitted)).

The defendant's privacy claim is also not a ground to quash this subpoena. The Second Circuit has made clear that an expectation of privacy for sharing copyrighted material is "simply insufficient to permit [a defendant] to avoid having to defend against a claim of copyright infringement." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 124 (2d Cir. 2010); *see also Strike 3 Holdings*, 2019 WL 78987, at *4.  Stated another way, the defendant may not "hid[e] behind a shield of anonymity[]" to avoid defending himself against claims made by the plaintiff in this case. *Arista Records*, 604 F.3d at 124.

The foregoing notwithstanding, just as Judge Caproni noted, this Court is "not entirely unsympathetic to [the d]efendant's argument." *Strike 3 Holdings,* 2019 WL 78987, at *4.  There are dozens of cases filed by Strike 3 Holdings in this District alone, most of which have been voluntarily dismissed within weeks or months after the plaintiff was granted leave to serve a subpoena on the ISP provider to obtain the IP holder's name and address.  This Court is sensitive to the fact that the sheer volume of cases commenced by Strike 3 Holdings, and their brief

procedural history – commencement of the action, receipt of permission to serve a third-party subpoena on an ISP provider prior to the 26(f) conference, and voluntary dismissal of the actions weeks or months thereafter – is suggestive of coercive settlement practices that this Court does not condone.  "[N]umerous district courts in this Circuit" have noted the "abusive litigation practices" by "copyright holders such as [the plaintiff in this case]" who are "repeat litigants."  *Strike 3 Holdings,* 2019 WL 78987, at *4 (citing *Digital Sins, Inc. v. John Does 1–24*5, No. 11-CV-8170 (CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *Malibu Media, LLC v. Doe*, No. 15-CV-4369 (AKH), 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015); *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-CV-1855 (SIL), 2015 WL 3605834, at *3 (E.D.N.Y. June 8, 2015); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237 (E.D.N.Y. 2012); *Malibu Media, LLC v. Does 1–5*, No. 12-CV-2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)).

"The Court, however, must balance [the] [d]efendant's privacy right in the legitimate use of the internet against [the] [p]laintiff's interests in protecting its copyrighted material from infringement." *Strike 3 Holdings*, 2019 WL 78987, at *4.  The Court concludes that the scales tip in favor of permitting the plaintiff to obtain the identity of the defendant, given that the defendant may have infringed on the plaintiff's copyright.  There must be some restrictions in place, however, to protect the defendant's identity. *See Strike 3 Holdings, LLC v. Doe*, No. No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *6 (D. Conn. Nov. 1, 2017) ("In granting early discovery by subpoena, the Court recognizes that in certain BitTorrent cases involving adult content, other courts have protected the defendants' privacy with an order establishing procedural safeguards.").

In *Strike 3 Holdings*, 2019 WL 78987, at *4, Judge Caproni issued a protective order that "fairly balanced [the] [p]laintiff's and [the] [d]efendant's interests[]" in that the defendant was permitted to proceed anonymously, and the plaintiff was ordered "not to initiate settlement

negotiations until the Complaint ha[d] been properly served," and the plaintiff was "prohibited . . . from obtaining any information from [the] [d]efendant's ISP other than [the] [d]efendant's name and address."  In this case, in its Motion for Leave to Serve the Third-Party Subpoena, the plaintiff represented that it would not seek settlement "unless initiated by [the] defendant or [the] defendant's counsel[,]" and agreed to the "issuance of a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously." (Doc. No. 7, Brief at 8, 15; *see also* Doc. No. 12 at 2).  The plaintiff "respectfully encourage[d] the Court to establish such procedures here."  (Doc. No. 7, Brief at 15).  While no protective order entered specifically for the issues in this case, on December 18, 2018, this Court (Arterton, J.) issued an Order on the plaintiff's motion for leave to serve the third party subpoena in which it ordered the plaintiff to attach a copy of the Order to the subpoena, serve a copy on the ISP and on the defendant, and permit the defendant 60 days from the date of service of the Order to file motions (including a motion to quash or modify the subpoena), as well as any motion to litigate the subpoena pseudonymously. (Doc. No. 8).

        In addition to those conditions, the Court now attaches some additional parameters to the ISP's compliance with the subpoena to balance the parties' interests. Specifically, the plaintiff may only use the defendant's name and address, if obtained by the defendant's ISP, for the purposes of this litigation; the plaintiff is expressly prohibited from obtaining the defendant's email address or telephone numbers.  *See e.g., Strike 3 Holdings, LLC v. Doe,* No. 3:19  CV 117 (SRU), Doc. No. 9; *Strike 3 Holdings, LLC v. Doe*, No. 3:19 CV 116 (VLB), Doc. No. 10; *Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 2125 (KAD), Doc. No. 9);  *Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 2124 (JAM), Doc. No. 9. The plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information other than the defendant's ISP number, that plaintiff may

subsequently learn. *Id.* The plaintiff shall not threaten to disclose any of the defendant's identifying information. *Id.* The defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after the defendant has had an opportunity to challenge the disclosure. *Id.* Therefore, the plaintiff is ordered not to file publicly any of the defendant's identifying information and to file under seal all documents containing the defendant's identifying information. *Id.* The defendant's ISP shall confer with the plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  *Id.* If the defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff. *Id.*

III.   <u>CONCLUSION</u>

 The Motion to Quash is DENIED, but the plaintiff is subject to the additional following limitations on the subpoena:

1.  In addition to the conditions set forth in this Court's (Arterton, J.) Order granting the plaintiff's motion for leave to serve the third party subpoena (Doc. No. 8), the plaintiff may only use defendant's name and address, if obtained by defendant's ISP, for the purposes of this litigation; the plaintiff is expressly prohibited from obtaining the defendant's email address or telephone numbers.  The plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information other than the defendant's ISP number. The plaintiff shall not threaten to disclose any of the defendant's identifying information. The defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after the defendant has had an opportunity to challenge the disclosure.  Therefore, the plaintiff is ordered not to file publicly any of the defendant's identifying information and to file under seal all documents containing the defendant's identifying information.

2.  The defendant's ISP shall confer with the plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff.

 This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. §

636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the

Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 12th day of March, 2019.

  /s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge

10